NIMMONS, Judge,
dissenting.
I respectfully dissent. I would reverse appellant’s escape conviction. The majority’s application of the escape statute to the instant circumstances is, in my view, strained and unwarranted.
Essentially, prior to final disposition of the case, the trial judge decided to release the defendant on his own recognizance with the condition that he report back to the county jail in 24 hours. The defendant’s failure to appear as required was not an escape. It was a “failure to appear” under Section 843.15, Florida Statutes (1985).
Section 843.15, by its terms, applies to releases pursuant to Chapter 903 which, in turn, provides for “all forms of pretrial release.” Section 903.011, Florida Statutes (1985). It is very clear to me that what *1021 happened in the instant case is precisely the kind of situation the legislature intended to address by the adoption of the failure to appear statute. It is equally clear to me that the escape statute was never intended to encompass a pretrial failure to appear such as this.
The apparent theory underlying the state’s urging of the application of the escape statute to the instant situation is predicated upon a concept of an “extension of the limits of confinement” of the defendant. While the legislature has provided for the “extension of the limits of confinement” for county prisoners and for state prisoners via Sections 951.24 and 945.091, respectively, which sections specifically provide that the willful failure to remain within the extended limits of confinement shall be deemed an escape, the provisions of those sections apply only to prisoners who have been sentenced,.[1]
By being permitted to proceed on the basis of an “escape,” the state has, in effect, improperly been allowed to elevate a pretrial failure to appear from a third degree felony to a second degree felony. I would reverse.

. Both the state and the trial court relied upon the provisions of Section 951.24. The information charging the offense of escape included the following allegation: "... and being released temporarily pursuant to Sections 951.24(2) and 951.24(4)_” In its judgment, the trial court specified those sections and Section 944.40 as the "offense statute numbers.”